**NOT FOR PUBLICATION**
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

FILED



| | |
|---|---|
| SAMANTHA MARTIN,<br><br>            Plaintiff-Appellant,<br><br>v.<br><br>DEBORAH KNAAN; JAMES CHERRETTE; STEPHEN WATSON; DOES, 1 through 10, inclusive; COUNTY OF LOS ANGELES,<br><br>            Defendants-Appellees. | No.    17-55769<br><br>D.C. No.<br>2:16-cv-02809-RGK-E<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
R. Gary Klausner, District Judge, Presiding

Argued and Submitted December 6, 2018
Pasadena, California

Before:  O'SCANNLAIN and IKUTA, Circuit Judges, and STEEH,[**] District Judge.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The Honorable George Caram Steeh III, United States District Judge for the Eastern District of Michigan, sitting by designation.

Samantha Martin appeals from the district court's adverse grant of summary judgment in her lawsuit against former Deputy District Attorney Deborah Knaan and the County of Los Angeles. Because the facts are known to the parties, we do not repeat them here.

## I

The district court did not err by granting summary judgment in favor of Knaan on Martin's Fourth Amendment claim. Martin claims that Knaan caused Martin to be arrested without probable cause when, in support of an application for a body attachment warrant, Knaan filed a declaration that allegedly contained false statements and omitted material facts. The record, however, reveals no such false statements or material omissions, so Martin has failed to show a Fourth Amendment violation.

## II

Nor did the district court err by granting summary judgment in favor of Knaan on Martin's Fourteenth Amendment claim. Martin provides no authority for the proposition that the constitutional right to procedural due process requires a pre-arrest hearing. As Martin does not argue that the evidentiary hearing afforded to her under California Penal Code § 1332 was constitutionally insufficient, she has failed to show that such process violated the Fourteenth Amendment. Martin's

other claimed violations of the Fourteenth Amendment—namely, that Knaan failed to observe Martin's rights under California Penal Code § 1219(b) and "Marsy's Law," Cal. Const. art. I, § 28(b)—are waived because Martin did not raise such arguments before the district court. *See Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1108 (9th Cir. 2001) ("We may decline to reach an issue if it was not raised sufficiently for the trial court to rule on it." (internal quotation marks omitted)).

III

Finally, the district court did not err by granting summary judgment in favor of the County on Martin's Fourth and Fourteenth Amendment claims, since she has not shown a genuine issue of material fact regarding the existence of a constitutional violation.

**AFFIRMED.**

3